## ELI KIMBALL v. THE STATE.

### No. 1257.   Decided February 24th, 1897.

**1.  Witness—Impeachment of—Evidence Sustaining and Corroborating.**

Where a witness testifies on the trial to a fact, and the opposing side shows, or at-
tempts to show that he made the conflicting statements about that fact, then the
party introducing the witness can prove that he made a similar statement soon after
the transaction occurred.

**2.  Theft of Cattle—Evidence.**

On a trial for cattle theft, where it was proved that defendant had stated that the
animal belonged to him, it was permissible for him to prove, that a woman author-
ized him to sell the animal, and that she was proposing to sell the animal to other
parties, before he sold it, and that after he sold it she proposed to refund what she
had received from him for the cow. The facts were admissible whether defendant had
testified in the case or not, or whether the statements of the woman were made be-
fore or after the taking by defendant.

APPEAL from the Criminal District Court of Dallas.   Tried below
before Hon. CHARLES F. CLINT.

Appeal from a conviction for cattle theft; penalty, two years' impris-
onment in the penitentiary.

The opinion states the case.

*Miller & Williams*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of cattle theft under
the first count in the indictment, and given two years in the peniten-
tiary.   The indictment contains three counts; the first charging theft
of property from R. A. Williams, who was then and there holding it
for Pete Cameron, the real owner.   The second count charges theft of
the cow from Pete Cameron.   The third count charges receiving and
concealing stolen property, knowing it to have been stolen.   The court
submitted only the first count to the jury, ignoring the other two.   The
State's case, under the facts, in substance is as follows.   That defend-
ant came to one Carter, a live-stock commission broker in the city of
Dallas, and informed him of the fact that he had a cow or heifer which
he desired Carter to sell for him; that the cow belonged to a woman,
for whom he was selling it; that the woman was separated from her
husband, and desired defendant to sell this animal for her.   Carter ne-
gotiated a trade with Gillespie for the sale of the animal, and the de-
fendant consummated the sale to Gillespie, receiving $9.25 in payment.
Gillespie swears that the defendant told him at the time of the sale of
the animal that it was the property of him, the defendant.   It will be
seen, then, that the State relied for a conviction upon the fact that the
defendant had possession and disposed of the animal, supplemented by
the contradictory statements with regard to that possession as shown by
the witnesses, Carter and Gillespie.   The defendant testified in his own

behalf that he, as agent of Mrs. R. A. Williams, from whom he received the cow, brought the cow to town, secured the services of Carter to make the sale, and afterwards sold her to Gillespie. He also testified that Mrs. Williams gave as a reason for securing his services to sell the animal that her husband would not furnish her with clothing, and she desired to sell this animal in order to obtain necessary clothing for her person. He denied claiming ownership in the animal at all times, as well as in his conversation with Gillespie. The State, in rebuttal, proved by Mrs. R. A. Williams that she did not authorize the defendant to sell the animal, and gave him no authority to do it, never had any conversation with him about it, and knew nothing of the transaction. The evidence also shows that the animal was the property of Pete Cameron, the alleged owner, but was in the possession of R. A. Williams, the husband of Mrs. R. A. Williams; and there is some testimony indicating that the possession of the animal was in both R. A. Williams and his wife, and it is shown that she fed and looked after the cow, and it gave her a great deal of trouble. The defendant offered to prove by several witnesses that about the time of, and just previous to, the taking of said animal, they had a conversation with Mrs. Williams, in which she stated, in substance, the same facts testified by the defendant; and, in substance, that he made the same statement to them that he made to the witness, Carter, at the time he secured his services to negotiate the sale. All this testimony was excluded by the court. We deem it unnecessary to go into the particulars of these statements. The defendant reserved his bills of exception to these rulings of the court, which are all properly presented by the record. This testimony was offered to contradict Mrs. Williams, in part, but mainly in corroboration of the defendant's statement made at the time he was in possession of the animal, and at the time he was securing the services of Carter to negotiate the sale. As before observed, his possession of the property in a day or two after it disappeared from its accustomed range was the main fact relied upon by the State for conviction. The excluded testimony should have been admitted. Where a witness testifies on the trial to a fact, and the opposing side shows, or attempts to show, that he made conflicting statements about that fact, then the party introducing the witness can prove that he made a similar statement soon after the transaction occurred. See, Goode v. State, 32 Tex. Crim. Rep., 505, and cited authorities, and Campbell v. State, 35 Tex. Crim. Rep., 160. The State proved by the witness, Carter, that the defendant stated the property belonged to a woman, and he was selling it for her. The State proved by Gillespie that at the time of the sale the defendant stated that the animal belonged to him. Under this state of case, appellant had a right to prove that he had been authorized by a woman to sell the cow, or that the woman was trying to sell the cow, and that she proposed to refund what she had received for the cow. These facts were admissible, independent of the question whether or not appellant testified in the case. And these facts, when offered by the defendant

through the mouth of several witnesses, by whom he expected to prove them, should have been admitted; and this is true whether these statements of Mrs. Williams were made before or after the taking. The defendant also proposed to prove that Mrs. Williams sought to sell the animal to other parties, and also to secure the services of one or more parties to sell the same animal, before applying to the defendant. This was also admissible. Because of the error of the court in refusing to admit the testimony offered by appellant, as above discussed, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*